541 F.2d 708
 UNITED STATES of America, Plaintiff-Appellee-Cross-Appellee,
and
Nellie Mae Webb et al.,
Plaintiffs-Intervenors-Appellants-Cross-Appellees,
v.
SCHOOL DISTRICT OF OMAHA et al.,
Defendants-Appellees-Cross-Appellants.
 Nos. 76-1430, 76-1545.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 17, 1976.
Decided Aug. 24, 1976.
 
 Robert V. Broom, Legal Aid Society of Omaha-Council Bluffs, Inc., Omaha, Neb., for Nellie Mae Webb; Stephen E. Cotton and Robert Pressman, Harvard University, Cambridge, Mass., and Vard R. Johnson, Legal Aid Society of Ohama-Council Bluffs, Inc., Omaha, Neb., on brief.
 Gerald P. Laughlin, Omaha, Neb., for School District of Omaha; Kenneth B. Holm, Michael G. Lessmann and David M. Pedersen, Omaha, Neb., on brief.
 Brian K. Landsberg, Appellate Section, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for United States; W. K. Schaphorst, U. S. Atty., Omaha, Neb., J. Stanley Pottinger, Asst. Atty. Gen., and Cynthia L. Attwood, Attys., Dept. of Justice, Washington, D. C., on brief.
 Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS, STEPHENSON, WEBSTER and HENLEY, Circuit Judges, en banc.
 PER CURIAM.
 
 
 1
 This matter is before us for a second time. When first here, we reversed the District Court in part and remanded with rather detailed instructions outlining the additional steps needed to achieve integration of the Omaha Public Schools. See United States v. School District of Omaha, 521 F.2d 530 (8th Cir. 1975). Thereafter, the School District filed a petition for rehearing en banc with this Court. After that hearing, we modified our holding with respect to student integration. The Board of Education then applied to the United States Supreme Court in a petition for certiorari. That petition was denied. See United States v. School District of Omaha, 423 U.S. 946, 96 S.Ct. 361, 46 L.Ed.2d 280 (1975).
 
 
 2
 Pursuant to this Court's remand, the District Court appointed a task force of Omaha Citizens to assist in developing a plan that would meet constitutional standards.
 
 
 3
 Thereafter, the School District submitted a plan to integrate the school system. Objections were filed to the plan by the plaintiffs, intervenors and the United States. The District Court held extensive hearings on the plan.
 
 
 4
 On April 27, 1976, the District Court issued an opinion approving the Board's plan as modified. See United States v. School District of Omaha, 418 F.Supp. 22 (D.Neb.1976).
 
 
 5
 On May 24, 1976, the plaintiff-intervenor filed a notice of appeal from the District Court's order. The School District filed an amended motion for a new trial on June 3, 1976. The District Court denied the School District's motion after hearing. The School District filed its cross-appeal from the judgment of the District Court on June 22, 1976.
 
 
 6
 We have carefully reviewed the District Court's opinion and the detailed plan for integrating the Omaha Schools attached to that opinion. In our view, the plan meets constitutional standards and is consistent with the mandate of this Court. We understand that the plan for integrating the first grade is initially a trial one and that the District Court will review the plan after a reasonable time to determine whether, in operation, the first grade plan meets constitutional standards.
 
 
 7
 We have also reviewed the mandate of this Court in light of two recent Supreme Court decisions: Pasadena City Board of Education v. Spangler, --- U.S. ----, 96 S.Ct. 2697, 48 L.Ed.2d ---- (1976); Washington v. Davis, --- U.S. ----, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). We find nothing in these opinions that would cause us to revise our earlier opinion.
 
 
 8
 We affirm the District Court and remand the matter to it with directions to implement the plan approved by it at the beginning of the 1976-1977 school year.
 
 
 9
 We commend the District Court, the Citizens Task Force, the Omaha Board of Education and the citizens of Omaha who have worked together to develop a plan for integrating the Omaha School System which holds promise of providing equal educational opportunity for students of every race in the Omaha School District.
 
 
 10
 Each party to the appeal will bear its own costs. The mandate of the Court will be issued forthwith.
 
 
 11
 Affirmed and remanded.
 
 
 12
 HENLEY, Circuit Judge (concurring in part).
 
 
 13
 The opinion of the Court gives constitutional approval to the plan of desegregation approved by the School District subject only to a review in the district court of the operations conducted with reference to the first grade.
 
 
 14
 The arguments used to exempt from full time integration large numbers of first grade children are familiar ones; they have been made before, and until now they have been uniformly rejected. Specifically, this court emphatically rejected a plan for partial integration of the first three grades in a public school system in 1972. Clark v. Board of Education, 465 F.2d 1044 (8th Cir. 1972), cert. denied, 413 U.S. 923, 93 S.Ct. 3054, 37 L.Ed.2d 1044 (1973).
 
 
 15
 While I agree that the school system as a whole should be permitted to operate under the plan for the 1976-77 school year, it should be made clear that the approval is only for a one year transition period and that before another year the Board under the guidance of the district court should reassess its operations and revise its plan so as to integrate fully the first along with all other grades.
 
 
 16
 Any such reassessment and revision should seek as well to reduce the burden of integration apparently disproportionately borne by black pupils and to alter the racial consist of the respective classes so as to more nearly approximate the racial make-up of the school population as a whole.
 
 
 17
 Measures short of those suggested here will not likely free the Omaha schools of invidious discrimination "root and branch".