UNITED STATES of America,
Plaintiff-Appellee-Cross-Appellee,

and

Nellie Mae Webb et al., Plaintiffs-Intervenors-Appellants-Cross-Appellees,

v.

SCHOOL DISTRICT OF OMAHA et al.,
Defendants-Appellees-Cross-Appellants.

Nos. 76–1430, 76–1545.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1977.

Decided Oct. 21, 1977.

Gerald P. Laughlin, Omaha, Neb., for Omaha School Dist.; Kenneth B. Holm, Michael G. Lessmann, David M. Pedersen, Omaha, Neb.

Robert V. Broom, Legal Aid Soc. of Omaha, Omaha, Neb., and Robert Pressman, Center for Law & Ed., Cambridge, Mass., for Nellie Mae Webb et al., Stephen E. Cotton, Center for Law & Ed., Cambridge, Mass., on the brief.

Cynthia L. Attwood and Brian K. Landsberg, Attys., Dept. of Justice, Washington, D. C., for the U. S.; Daniel E. Wherry, U. S. Atty., Omaha, Neb., Drew S. Days, III, Asst. Atty. Gen., and Vincent F. O'Rourke, Jr., Atty., Dept. of Justice, Washington, D. C., on the brief; W. K. Schaphorst, U. S. Atty., J. Stanley Pottinger, Asst. Atty. Gen., Walter W. Barnett, Ross L. Connealy, Attys., Dept. of Justice, Washington, D. C., of counsel.

Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS, STEPHENSON, WEBSTER and HENLEY, Circuit Judges, en banc.

PER CURIAM.

This matter is before this court pursuant to a remand from the United States Supreme Court, *School District of Omaha v. United States,* 433 U.S. 607, 97 S.Ct. 2905, 53 L.Ed.2d 1039 (1977).

We held in *Omaha I* that the School District of Omaha, Nebraska had engaged in intentional segregative acts. *United States v. School District of Omaha,* 521 F.2d 530 (8th Cir. 1975). The School District appealed and certiorari was denied. *School District of Omaha v. United States,* 423 U.S. 946, 96 S.Ct. 361, 46 L.Ed.2d 280 (1975).

In this court's en banc decision, *United States v. School District of Omaha,* 541 F.2d 708 (8th Cir. 1976) (*Omaha II*), we reaf-

firmed our determination of the School District's segregative intent in the light of *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) and *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976). In January 1977 the Supreme Court decided *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). That case followed the rule announced in *Washington v. Davis, supra*, to the effect that "official action will not be held unconstitutional *solely* because it results in a racially disproportionate impact." *Arlington Heights v. Metropolitan Housing Development Corp., supra*, 429 U.S. at 264–65, 97 S.Ct. at 563 (emphasis supplied). It also reiterated that a plaintiff need not "prove that the challenged action rested *solely* on racially discriminatory purposes." *Id.* at 265, 97 S.Ct. at 563 (emphasis supplied).

We have again examined our holding of intentional segregation in the light of *Arlington Heights v. Metropolitan Housing Development Corp., supra*, and conclude that the evidence is clear that a discriminatory purpose has been a motivating factor in the School District's actions, *Arlington Heights v. Metropolitan Housing Development Corp., supra*, 429 U.S. at 265–66, 97 S.Ct. 555, as outlined in *Omaha I*, because the natural and foreseeable consequence of the acts of the School District was to create and maintain segregation in five different areas, which evidence was not effectively rebutted by the School District. *United States v. School District of Omaha, supra*, 521 F.2d at 537. *See Keyes v. School District No. 1*, 413 U.S. 189, 209–10, 93 S.Ct. 2686, 37 L.Ed.2d 548 (1973).

The Supreme Court has now directed that the scope of the remedial plan, promulgated by the district court pursuant to the guidelines of this court in *Omaha I* and subsequently approved by this court in *Omaha II, supra*, 541 F.2d 708, be reexamined in light of the following standards:

> [T]he District Court in the first instance, subject to review by the Court of Appeals, must determine how much incre-

mental segregative effect these violations had on the racial distribution of the [Omaha] school population as presently constituted, when that distribution is compared to what it would have been in the absence of such constitutional violations. The remedy must be designed to redress that difference, and only if there has been a systemwide impact may there be a systemwide remedy. *Keyes, supra*, at 213, 93 S.Ct. at 2699.

*Dayton Board of Education v. Brinkman*, —— U.S. ——, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977). In accordance with the directive of the Supreme Court that the district court initially reexamine the question of the scope of the remedy, we remand to the district court without any reexamination by us.

If the district court, on remand, finds that the remedy heretofore imposed is more extensive than that warranted by the incremental segregative effect found, it shall tailor the remedy to fit the intentional segregative effect found.

In reexamining the scope of the remedy, the district court shall be guided by the decisions of this court and the decisions of the United States Supreme Court, particularly *Dayton Board of Education v. Brinkman, supra*; *Arlington Heights v. Metropolitan Housing Development Corp., supra*; *Washington v. Davis, supra*; *Keyes v. School District No. 1, supra*; and *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). The district court shall make its determination on the basis of the existing record or, if necessary, on a supplemental record. It shall not, however, permit the parties to reopen the question of segregative intent.

Pursuant to our order of July 13, 1977, the remedial plan now in effect for desegregating the Omaha School District shall remain in effect for the present school year.